JESSE R. BOND AND WIFE V. A. A. ELLISON ET AL.
(No. 3213.)

EXEMPTION from forced sale; hotel furniture not exempt.

APPEAL from Caldwell county.  Opinion by DELANEY, J.

STATEMENT.— This suit was brought by appellants, Jesse
R. Bond and Elizabeth, his wife, against appellees, A. A.
Ellison, sheriff, S. A. Bruce, his deputy, and A. Lichen-
stein, to recover damages for an alleged wrongful levy and
sale by the sheriff, under an execution in favor of Lichen-
stein, of certain household and kitchen furniture belonging
to plaintiffs.  The petition was filed August 12, 1875, lay-
ing the damages at $1,000.  Bond was keeping a hotel in
Luling with wife and one child.  Lichenstein recovered a
judgment against him in justice's court for $110.83, and
upon affidavit made by Lichenstein, execution was issued
before the expiration of ten days from the date of the judg-
ment.  Execution was immediately levied upon the furni-
ture in the hotel, consisting of bedding and beds, tables and
table furniture, cooking stoves, etc.

Property was worth $100, though plaintiff said in his tes-
timony it was worth $500.  It brought at sheriff's sale

$67.05. Hotel building was separate from the private dwelling of the family, but connected with it by a platform. No furniture was taken from the private apartments of the family, and the officers left for them all such articles as were pointed out by Bond, for the use of the family. On January 6, 1875, plaintiffs amended, alleging that the household and kitchen furniture levied on and sold was not over the value of $500, was exempt from execution, and was necessary for the use of the family. September 5, 1875, defendants answered by demurrer and set up that property was liable, and that plaintiff was about to remove the property out of the county. Trial was had January 6, 1876. Verdict and judgment for defendants; and motion for new trial being overruled, plaintiffs appealed. The assignments of error are so vague that we will not notice them.

OPINION.— Counsel for appellants, in his brief, construed the charge of the court as instructing the jury that to exempt household and kitchen furniture from execution it must be used as such at the time of the levy. I am not certain that I understand the exact meaning of this part of the charge, and counsel in their briefs have thrown no light upon it.

We construe the statute (Pasch. Dig., 6834) as exempting from forced sale the household and kitchen furniture of a family, used by them as a family, and that it does not protect the furniture of a hotel which is used for the accommodation of guests and boarders.

From the evidence it appears that the family did not live in the hotel, and none of the furniture which was used by the family was touched by the officer. Doubtless the furniture of a private family would not be rendered subject to execution by the fact that boarders were received into the family, but our opinion is that the furniture kept in hotels is not exempted from forced sale by reason of the fact that the hotel-keeper is the head of a family. We think, therefore, that the judgment should be affirmed.

AFFIRMED.